**Sheryl J. HOWARD, Plaintiff–Appellee,**

v.

**Jan DICKERSON, Defendant–Appellant,**

and

**Charles Milton, Keith Purdue, Defendants.**

No. 92–2246.

United States Court of Appeals, Tenth Circuit.

Sept. 7, 1994.

Mark D. Jarmie, Sharp & Jarmie, P.A., Albuquerque, NM, for defendant-appellant.

Kathleen M. Rhinehart, Albuquerque, NM, for plaintiff-appellee.

Before MOORE, Circuit Judge; McWILLIAMS, Senior Circuit Judge; and ROSZKOWSKI, Senior District Judge.*

JOHN P. MOORE, Circuit Judge.

Sheryl Howard filed suit under state and federal law against several parties including Officer Jan Dickerson arising from her arrest and detention for leaving the scene of an accident and for careless driving. Officer Dickerson appeals the denial of portions of his motions for dismissal and summary judgment. Specifically, he contends Ms. Howard cannot maintain a 42 U.S.C. § 1983 claim against him for deliberate indifference to known medical needs pursuant to the Four-teenth Amendment. He also argues she cannot pursue a § 1983 claim based on the Fourth Amendment because he did not violate clearly established law by arresting Ms. Howard in her home without a warrant and because she pled no contest to a charge stemming from the arrest.

In October 1989, Sheryl Howard hit an unattended car in a parking lot and left the scene without notifying the police or the owner of the car because, according to her, the collision caused no damage. Officer Dickerson of the Albuquerque police responded to a report of the incident. After determining Ms. Howard owned the offending car, Officer Dickerson went to her home, spoke with her briefly, then informed her she was being arrested for leaving the scene of an accident and for careless driving. While objecting to the arrest, Ms. Howard, who was wearing a neck brace, stated she recently underwent neck surgery, handcuffing her behind her back would cause injury, and if handcuffing was necessary having her hands in front might prevent physical harm. Another person present advised Officer Dickerson to only handcuff Ms. Howard from the front to avoid injury. Officer Dickerson handcuffed Ms. Howard with her hands behind her back in accordance with general police procedure. Ms. Howard contends she repeatedly asked Officer Dickerson to switch the handcuffs to alleviate the resulting pain but to no avail. When they arrived at the county detention center some time later, Officer Dickerson finally changed the position of the handcuffs. During the booking procedure, Officer Dickerson refused Ms. Howard's request for a doctor.

Ms. Howard filed suit alleging claims under 42 U.S.C. § 1983 and state tort law against various government defendants. Officer Dickerson moved for dismissal and summary judgment. The district court, in a cursory order, granted the motions in part. However, the court refused to dismiss Ms. Howard's § 1983 claim alleging deliberate indifference to a known medical need in violation of the Fourteenth Amendment and denied dismissal and summary judgment on the § 1983 Fourth Amendment claim assert-

---

* Honorable Stanley J. Roszkowski, Senior District Judge for the United States District Court for the Northern District of Illinois, sitting by designation.

ing an illegal arrest. The court rejected Officer Dickerson's claim for qualified immunity on the arrest issue because the arrest violated the Fourth Amendment and Officer Dickerson did not act with objective reasonableness. In denying Officer Dickerson's motion for reconsideration, the district court reiterated its position and noted state law does not trump the Fourth Amendment.

## I.

Officer Dickerson advances several arguments favoring his entitlement to qualified immunity on Ms. Howard's Fourteenth Amendment claim for deliberate indifference to known medical needs.[1] He asserts no law at the time of the incident clearly established an arresting officer's liability for this failure. Only jailers and corrections officers handling detainees clearly bore a responsibility to respond to medical needs. Any law suggesting an officer's liability for deliberate indifference to known medical needs arose after the incident in question and, therefore, does not bar Officer Dickerson's claim of qualified immunity. The law governing this case only required Officer Dickerson to act with objective reasonableness in using force to make the arrest in accordance with the Fourth Amendment, and the district court determined Officer Dickerson met this standard. Therefore, Officer Dickerson is entitled to qualified immunity. Officer Dickerson also claims Ms. Howard cannot maintain a Fourteenth Amendment claim because she has failed to demonstrate her medical needs at the time of the arrest were serious.

Ms. Howard responds the Fourteenth Amendment, as enunciated by case law existing at the time of the incident, clearly protects a pretrial detainee like Ms. Howard from deliberate indifference to known medical needs. Officer Dickerson violated this standard by failing to show even a minimal degree of consideration for Ms. Howard's medical condition. Ms. Howard further contends her medical condition, at the time and as a result of the arrest, was serious enough to substantiate her claim.

■ This court reviews de novo a ruling on a motion to dismiss for failure to state a claim upon which relief can be granted. *Swoboda v. Dubach*, 992 F.2d 286, 289 (10th Cir.1993) (citation omitted). Assuming plaintiff's allegations are true, this court will not dismiss the complaint unless plaintiff apparently cannot prove facts entitling her to relief. *Id.* (citation omitted). 42 U.S.C. § 1983 authorizes suits against persons acting under color of state law for the deprivation of constitutional rights.

■ The constitutional protection against deliberate indifference to a prisoner's serious medical needs, as announced in *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (Eighth Amendment shields prisoners after adjudication), applies to pretrial detainees through the due process clause of the Fourteenth Amendment. *Garcia v. Salt Lake County*, 768 F.2d 303, 307 (10th Cir.1985). In *Martin v. Board of County Commissioners of County of Pueblo*, 909 F.2d 402 (10th Cir.1990), officers asserted a qualified immunity defense to an alleged violation of this standard. The officers went to plaintiff's hospital room on the day of her release to execute an arrest warrant for failure to appear on a speeding violation. Plaintiff and her mother, a doctor, explained plaintiff suffered from a fractured neck, and movement, except by wheelchair or gurney, presented a risk of grave injury. Despite the warning, the officers walked plaintiff to a police van and transported her to the county jail. The *Martin* court upheld the denial of qualified immunity because *Garcia* clearly established pretrial detainees share the same protection from deliberate indifference to serious medical needs as convicted inmates. *Martin*, 909 F.2d at 406. According to *Estelle v. Gamble*, deliberate indifference en-

---

1. Officer Dickerson contends the complaint and its amendments do not assert a deliberate indifference to medical needs claim against him. He has notice of the issue and has encountered no prejudice due to any shortcomings in Ms. Howard's pleadings. Officer Dickerson may raise any deficiency in the complaint with the trial court which can rectify the matter in the pretrial order.

Officer Dickerson raises the qualified immunity issue in response to this claim for the first time on appeal. The parties did discuss some of the relevant case law as applied to a motion for summary judgment, later granted, on the issue of excessive force. Our discussion of the motion to dismiss also demonstrates the inappropriateness of a qualified immunity defense.

compasses intentional interference with prescribed treatment. *Martin,* 909 F.2d at 406 (quoting *Aldridge v. Montgomery,* 753 F.2d 970, 972 (11th Cir.1985) (quoting *Estelle,* 429 U.S. at 105, 97 S.Ct. at 291–92)) (other citations omitted).

■ *Garcia* set a clearly established standard applicable to arresting officers. The idea intentional interference could constitute deliberate indifference did not originate in *Martin,* which succeeded the incident in question here, but rather in *Estelle,* which preceded the event in controversy. Accordingly, Ms. Howard has asserted a legitimate cause of action. Because the complaint alleges sufficient facts to substantiate her claim, she can proceed against Officer Dickerson for deliberate indifference to a known medical need in violation of the Fourteenth Amendment. The district court properly denied the motion to dismiss.

## II.

The propriety of the arrest essentially boils down to two areas of inquiry: the manner in which Officer Dickerson effectuated the arrest and the existence of probable cause to arrest. Officer Dickerson contends qualified immunity protects him from challenges to how he performed the arrest and Ms. Howard's no contest plea to the charge of leaving the scene of an accident confirms he had probable cause to arrest. We need not reach the probable cause issue because we resolve the other question against Officer Dickerson and the existence of probable cause would not overcome the illegal manner of executing the arrest in Ms. Howard's home.² *See Payton v. New York,* 445 U.S. 573, 588–89, 100 S.Ct. 1371, 1381, 63 L.Ed.2d 639 (1980) (quoting *United States v. Reed,* 572 F.2d 412, 423 (2d Cir.), *cert. denied,* 439 U.S. 913, 99 S.Ct. 283, 58 L.Ed.2d 259 (1978))

(Fourth Amendment prohibits warrantless arrest in home, absent exigent circumstances, even if statute authorizes action and probable cause exists).

Officer Dickerson argues he is entitled to qualified immunity because his warrantless arrest of Ms. Howard in her home was constitutional. New Mexico law required him to make an arrest and permitted him to act without a warrant.³ In adhering to state law, Officer Dickerson acted with objective reasonableness. If New Mexico law conflicts with the Fourth Amendment, this conflict was not clearly established. Therefore, Officer Dickerson had no impetus to disregard state statutes in order to uphold the federal constitution.

Ms. Howard argues Officer Dickerson's warrantless arrest violated the Fourth Amendment. New Mexico law does not require an arrest in the circumstances underlying this case. Furthermore, absent exigent circumstances, New Mexico and federal law require a warrant before arresting an individual at home for a misdemeanor. Officer Dickerson transgressed this fundamental rule.

■ When a defendant raises the issue of qualified immunity on a summary judgment motion, the plaintiff must demonstrate the alleged conduct constituted a violation of law and the law was clearly established at the time of the violation. *Hinton v. City of Elwood, Kan.,* 997 F.2d 774, 779 (10th Cir. 1993) (citation omitted). Then, the defendant must demonstrate no material issues of fact remain about the objective reasonableness of his or her action in light of the law and the information he or she possessed at that time. *Id.* (citation omitted). The court must evaluate the evidence in the light most favorable to the non-moving party. *Id.* (citation omitted).

2. If the district court finds Officer Dickerson received consent to enter Ms. Howard's home, the absence of a warrant is not fatal to Officer Dickerson's defense. Then, the district court would have to address whether the no contest plea conclusively settles the question of probable cause, an issue we do not address here. We do note, however, a conviction represents a defense to a § 1983 action asserting arrest without probable cause. *Cameron v. Fogarty,* 806 F.2d 380, 388–89 (2d Cir.1986) (conviction following trial verdict), *cert. denied,* 481 U.S. 1016, 107 S.Ct. 1894, 95 L.Ed.2d 501 (1987); *Malady v. Crunk,*

902 F.2d 10, 11–12 (8th Cir.1990) (quoting *Cameron,* 806 F.2d at 386–89) (conviction pursuant to guilty plea). New Mexico defines "conviction" to include pleas of nolo contendere. N.M.Stat. Ann. §§ 30–1–11 (criminal code), 66–1–4.3(O) (motor vehicle code).

3. Officer Dickerson also claims he received consent to enter the home. Because he never raised this issue with the district court, for our inquiry, we assume Officer Dickerson lacked consent.

In *Payton v. New York,* 445 U.S. at 576, 100 S.Ct. at 1374–75, the United States Supreme Court declared the Fourth Amendment, applicable to states through the Fourteenth Amendment, prohibits police from effectuating a warrantless and non-consensual entry into a suspect's home to make a routine felony arrest.[4] Probable cause accompanied by exigent circumstances will excuse the absence of a warrant. *Welsh v. Wisconsin,* 466 U.S. 740, 749, 104 S.Ct. 2091, 2097, 80 L.Ed.2d 732 (1984) (citing *Payton,* 445 U.S. at 583–90, 100 S.Ct. at 1378–82). To determine the existence of an exigency, a court must consider the gravity of the offense supporting arrest. *Id.* 466 U.S. at 753, 104 S.Ct. at 2099. When the underlying offense is extremely minor, a warrantless entry is rarely reasonable. *Id.* In *Welsh,* the Supreme Court ruled invalid a warrantless home arrest for a civil traffic offense. *Id.* at 754, 104 S.Ct. at 2100.

■ Against the backdrop of these long-established constitutional principles, Officer Dickerson's claim for qualified immunity is patently disingenuous. Officer Dickerson arrested Ms. Howard for careless driving and leaving the scene of an accident in violation of city ordinances. New Mexico law[5] classifies these offenses as misdemeanors carrying a maximum fine of $300 or imprisonment for at most ninety days or both. *See* N.M.Stat. Ann. §§ 66–8–114(B) (careless driving constitutes misdemeanor); 66–7–204 (driver who strikes unattended vehicle must stop and try to contact its owner or operator or leave conspicuous note identifying himself or herself); 66–7–3, 66–8–7(A) (violation of Motor Vehicle Code constitutes misdemeanor unless otherwise stated); 66–8–7(B) (penalties for traffic misdemeanors). These minor offenses do not merit the extraordinary recourse of warrantless home arrest.

Though the New Mexico Motor Vehicle Code authorizes warrantless arrests in some instances, *see* N.M.Stat.Ann. § 66–8–125, this license is circumscribed by the Fourth Amendment. The warrantless arrest at Ms.

Howard's home violated the constitutional prohibition against unreasonable seizures. Any New Mexico law which might have condoned Officer Dickerson's actions will not protect him from the consequences of his clearly illegal conduct. The district court, therefore, properly denied Officer Dickerson's claim of qualified immunity and rejected his motions for summary judgment and dismissal on the Fourth Amendment claim.

The judgment of the district court is AFFIRMED, and the cause REMANDED for further proceedings.

---

**4.** If the trial court were to find Officer Dickerson received consent to enter the home, no Fourth Amendment violation would exist because Officer Dickerson would not have intruded on Ms. Howard's privacy rights.

**5.** New Mexico empowers municipalities to create traffic laws not in conflict with the state motor vehicle code. *See* N.M.Stat.Ann. § 66–7–8.