UNITED STATES COURT OF APPEALS

**Filed 2/26/96**

TENTH CIRCUIT

_____

JAMES JACKSON,

        Plaintiff - Appellant,

v.

ROBERT PEUGH, Police Officer,
Bartlesville Police Department,

        Defendant-Appellee.

_____

JAMES JACKSON,

        Plaintiff-Appellant,

v.

ROBERT PEUGH, Police Officer,
Bartlesville Police Department; GARY
MCMANUS, Police Officer, Bartlesville
Police Department,

        Defendants-Appellees.

No. 95-5107
(D.C. No. 93-C-1138-BU)
(N.D. Okla.)

Nos. 95-5129
95-5178
(D.C. No. 93-C-1138-BU)
(N.D. Okla.)

_____

ORDER AND JUDGMENT[*]

_____

_____

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before PORFILIO, McKAY, and KELLY, Circuit Judges.

_____

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff James Jackson, proceeding pro se and in forma pauperis, appeals from the district court's grant of summary judgment for the Defendants Robert Peugh and Gary McManus, both police officers, in this 42 U.S.C. § 1983 action.[1] Plaintiff, a black male, asserts that the Defendants violated his equal protection rights when they arrested him for public intoxication but failed to arrest an intoxicated white female for the same offense. Plaintiff also asserts that the Defendants violated his Fourth Amendment rights by arresting him without probable cause. We affirm the district court for the reasons that follow.

_____

[1]Plaintiff filed his notice of appeal from the district court's decision three separate times, resulting in three separate appellate case numbers. The first two notices were untimely filed. Defendants then filed a brief challenging this court's jurisdiction to hear the appeal. Subsequently, the district court entered an order extending Plaintiff's time to file his notice of appeal. Plaintiff then filed his third notice in a timely fashion. Thus, we have jurisdiction to hear the case and Defendant's challenge to our jurisdiction is moot.

The district court succinctly summarized the facts of the case:

> The undisputed evidence reveals that on December 24, 1991, Defendants, Robert Peugh and Gary McManus, police officers for Bartlesville, Oklahoma, responded to a reported domestic disturbance between [a female] and Plaintiff, James Jackson. While enroute to the reported residence, Defendants were advised that [the female] had a protective order against Plaintiff. Defendants, upon arrival to the reported residence, observed [the female] on the front steps of the house across the street. [She] was crying and appeared to be upset. Upon closer contact with [the female], Defendants concluded that she was intoxicated. [The female] informed Defendants that she and Plaintiff had been drinking and that Plaintiff became physically abusive and began to kick her in the same leg he had broken several months ago. Defendants observed bruises on the leg. [The female] also informed Defendants that Plaintiff had thrown her and her clothing out of the residence and that she suffered physical injuries from the removal. She also informed the officers that the residence belonged to Plaintiff's relations but that she had been residing there since August 1991. She further advised the officers that Plaintiff had been residing with her for about a week.

> Defendants thereafter approached the residence and arrested Plaintiff.

R., vol. I, no. 23, at 1-2. Plaintiff was charged with violating the protective order, public intoxication, resisting arrest, and language calculated to induce anger. He was acquitted of the first two charges but was convicted of the latter two.

Plaintiff first argues that his equal protection rights were violated when the Defendants charged him with public intoxication but failed to charge the female with the same offense. In order to succeed on this claim, Plaintiff must show that the Defendants acted with discriminatory purpose or intent. Lewis v. City of Ft. Collins, 903 F.2d 752,

3

755 (10th Cir. 1990). Defendants presented evidence that they did not arrest the female

for public intoxication because they believed she was not in public of her own free will.

This belief was consistent with her statement that Plaintiff forced her out of the house.

Plaintiff has presented no evidence beyond conclusory allegations that would call into

dispute the Defendants' explanation for their actions. Thus, the district court did not err

when it granted summary judgment for the Defendants on Plaintiff's equal protection

claim.

Aside from the equal protection claim, it is difficult to discern what issues Plaintiff

raises on appeal. Construing his pro se brief liberally, we conclude that Plaintiff argues

that his Fourth Amendment rights were violated because the Defendants allegedly

arrested him without probable cause for violating the protective order. The Defendants

based probable cause in part on Okla. Stat. tit. 22, § 60.6(A) which makes it a crime to

violate protective orders.[2] The protective order required Plaintiff to remain away from

---

[2]The Defendants also premised their finding of probable cause on Okla. Stat. tit. 22, § 40.3(B) which sets forth the circumstances under which a police officer may make an arrest for domestic violence. Plaintiff, however, was not charged with committing domestic violence.

The district court analyzed the probable cause issue solely in terms of § 40.3(B). It raised the issue that the statute might be unconstitutional because it allows an arrest to be made in a person's residence without a warrant. This court has stated that a warrantless arrest generally cannot be made in a person's residence absent probable cause and exigent circumstances. Howard v. Dickerson, 34 F.3d 978, 982 (10th Cir. 1994).

the female and required him not to injure or abuse her. The officers were clearly presented with facts sufficient to support a finding of probable cause. She showed them her injuries and alleged that Plaintiff had recently inflicted them upon her. Thus, the district court properly granted summary judgment for the Defendants on this claim as well.

For the foregoing reasons, we AFFIRM. The mandate shall issue forthwith.

Entered for the Court

Monroe G. McKay
Circuit Judge

---

We decline to address the issues raised by § 40.3(B) because we believe the Defendants' reliance on Okla. Stat. tit. 22, § 60.6(A) (making it unlawful to violate protective order) was sufficient in this case. Additionally, Plaintiff has failed to address in his appellate brief Howard and its applicability to § 40.3(B). Thus, the issue is not before us.