# UNITED STATES COURT OF APPEALS
<u>Filed 5/29/96</u>TENTH CIRCUIT

BRANDON MADRID,

       Plaintiff-Appellant,

v.

ALEX MANGINDIN,

       Defendant-Appellee.

Case No. 95-1418

(D.C. 94 B 2646)
(District of Colorado)

---

## ORDER AND JUDGMENT[*]

---

Before BRORBY, EBEL, and HENRY, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  <u>See</u> Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument

---

[*]      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1

Pro se plaintiff Brandon Madrid appeals an order entered by the United States District Court for the District of Colorado granting defendant Alex Mangindin's motion to dismiss Mr. Madrid's § 1983 action for failure to state a claim upon which relief can be granted. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

In reviewing a decision granting a motion to dismiss, we "must accept as true all the factual allegations in the complaint." Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993). The facts, as stated in Mr. Madrid's complaint, are as follows: Mr. Mangindin, an employee of the Colorado Department of Corrections, is a therapist with the mental health department at the Fremont Correctional Facility. As part of his job, he conducts group sessions with sex offenders. In June 1994, Mr. Madrid, a convicted sex offender, was awaiting assignment to Mr. Mangindin's therapy group.

On June 30, 1994, an unidentified inmate sent Mr. Mangindin a note alleging that Mr. Madrid had raped a fellow inmate, Mr. Krivonak, while another inmate, Mr. Olivas, acted as a lookout. In response, Mr. Mangindin elicited information from the three inmates, which he used to initiate disciplinary charges against Mr. Madrid and one of the other inmates. Mr. Mangindin "pursued the entire investigation in the therapy setting without . . . advis[ing] . . . the involved inmates that he was acting in any capacity other than their therapist." Complaint, rec. doc. 3, at 3.

As a result of Mr. Mangindin's investigation, Mr. Madrid had a disciplinary

hearing on July 18, 1994, at which Mr. Mangindin was the sole Department of Corrections witness. He testified to the information he had received from the three inmates. He testified that he had directed Mr. Madrid to write a short essay on the dangers of homosexual relationships in prison, which Mr. Madrid did. He further testified that Mr. Krivonak had admitted to him that Mr. Krivonak had participated in a long-term consensual homosexual relationship with Mr. Madrid, with only the last contact on July 8, 1994 having been forced. Both Mr. Madrid and Mr. Olivas testified that they had believed they were speaking to Mr. Mangindin as their therapist in a privileged setting and "that they had a vested interest in showing cooperation with the therapist, since their paroles depended upon the therapist's recommendations, and they would be barred from the group for denial or displaying an uncooperative attitude." Id. at 3a.

Mr. Madrid brought an action against Mr. Mangindin pursuant to 42 U.S.C. § 1983, alleging that Mr. Mangindin violated his Fourth, Fifth, and Sixth Amendment rights under the U.S. Constitution "by actively investigating criminal and/or disciplinary offenses while ostensibly acting as therapist to obtain incriminating statements from his patients and misrepresenting those statements as having been freely given confessions" and by then using those "'statements' to personally initiate disciplinary charges against the same inmates from whom the statements had been coerced." Id. at 3. Mr. Mangindin filed a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), which the district court granted. The recommendation of the U.S. magistrate judge, which the

district court adopted, reasoned that Mr. Madrid did not enjoy a patient-therapist privilege under Colorado law at the time that Mr. Mangindin received the anonymous note accusing Mr. Madrid of rape or at the time of Mr. Mangindin's alleged investigation. Recommendation of United States Magistrate Judge, rec. doc. 18, at 2-3. The magistrate judge concluded that in any case, Mr. Madrid had not stated a claim under § 1983 because he had "not stated a claim for a deprivation of an established constitutional right" because his claim is based on the violation of a privilege under state law, not on the violation of a federal constitutional or statutory right, as § 1983 requires. Id. at 3.

Mr. Madrid now appeals the dismissal of his action, claiming that his statements to Mr. Mangindin were protected by the therapist-patient privilege under Colorado law and that Mr. Mangindin violated that privilege, resulting in a violation of Mr. Madrid's Fourteenth Amendment liberty interest due to his resulting loss of good time credits and wages and placement in administrative segregation. Aplt's Br. at 2-3. We review de novo the district court's grant of a motion to dismiss for failure to state a claim upon which relief can be granted. Howard v. Dickerson, 34 F.3d 978, 980 (10th Cir. 1994).

We need not address the validity of Mr. Madrid's claim that his statements to Mr. Mangindin were protected by a therapist-patient privilege under Colorado law in order to analyze Mr. Madrid's § 1983 claim.[1] Assuming that such a privilege existed here, cf.

---

[1]If Mr. Madrid has a claim, it is under Colorado law. Thus, whether Mr. Madrid was a patient of Mr. Mangindin's for purposes of Colo. Rev. Stat. § 13-90-107(1)(g) at the time of Mr. Madrid's statements to Mr. Mangindin is determined by Colorado case law, cf. Williams v. People, 687 P.2d 950, 954 (Colo. 1984) (en banc) (In determining that no psychologist-patient

4

<u>Mascheroni v. Board of Regents</u>, 28 F.3d 1554, 1560 (10th Cir. 1994) (requiring a court that is reviewing a dismissal under Fed. R. Civ. P. 12(b)(6) to "'accept all the well-pleaded allegations of the complaint as true and . . . construe them in the light most favorable to the plaintiff'" (quoting <u>Williams v. Meese</u>, 926 F.2d 994, 997 (10th Cir. 1991))), the violation of such privilege would violate only state, not federal, law.

Thus, because Mr. Madrid has failed to state a claim under 42 U.S.C. § 1983, <u>see</u> <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 150 (1970) (requiring a plaintiff to allege that the defendant deprived him of a <u>federal</u> constitutional or statutory right in order to state a claim under § 1983), we AFFIRM the district court's grant of Mr. Mangindin's motion to dismiss.

The mandate shall issue forthwith.

Entered for the Court,

ROBERT HENRY
Circuit Judge

---

privilege applied under Colo. Rev. Stat. § 13-90-107(1)(g), the court analyzed whether the alleged "psychologist" had "said anything to the petitioner that would have given him reason to believe that his conversation with [the 'psychologist'] was for a psychological therapeutic purpose."), for it is up to the state of Colorado to determine the extent of its state-law privileges.