UNITED STATES COURT OF APPEALS

**Filed 10/22/96**

FOR THE TENTH CIRCUIT

MICHAEL HENRY MARTIN,

     Plaintiff-Appellant,

v.

TULSA COUNTY BOARD OF
COMMISSIONERS, JOHN SELPH,
LEWIS HARRIS, ROBERT N. DICK,
TULSA COUNTY SHERIFF
DEPARTMENT, STANLEY GLANZ,
and FRED COTTON,

     Defendants-Appellees.

No. 96-5063
(D.C. No. 94-C-193-H)
(N.D. Okla.)

ORDER AND JUDGMENT[*]

Before BALDOCK and BRISCOE, Circuit Judges, and LUNGSTRUM,[**] District
Judge.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable John W. Lungstrum, District Judge, United States District Court
for the District of Kansas, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff, Michael Henry Martin, appeals from the district court's order granting summary judgment in favor of defendants on his claim that they inflicted cruel and unusual punishment in violation of the Eighth Amendment. We affirm.

We review the grant of summary judgment de novo, applying the same standard as the district court. Applied Genetics Int'l, Inc., v. First Affiliated Secs., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990). "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir. 1991).

Plaintiff claims that defendants denied him dental treatment while he was incarcerated at the Tulsa County jail awaiting trial on criminal charges. He alleges that defendants delayed or denied him surgery on his jaw for several weeks due to the cost of the surgery, until he was transferred from the jail to the Department of Corrections. After he was transferred, the Department of Corrections would be responsible for the cost. Plaintiff sued the county commissioners, claiming they failed to provide funding to pay for the dental

treatment he needed during his stay at the jail. He also sued the sheriff's department and sheriff's personnel, claiming they withheld the necessary treatment.

"The constitutional protection against deliberate indifference to a prisoner's serious medical needs, as announced in Estelle v. Gamble, 429 U.S. 97 (1976)(Eighth Amendment shields prisoners after adjudication), applies to pretrial detainees through the due process clause of the Fourteenth Amendment." Howard v. Dickerson, 34 F.3d 978, 980 (10th Cir. 1994). To establish a claim based on the Eighth Amendment, a prisoner must show both that "'the officials act[ed] with a sufficiently culpable state of mind' and [that] the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." Hudson v. McMillian, 503 U.S. 1, 8 (1992)(quoting Wilson v. Seiter, 501 U.S. 294, 298, 303 (1991)). Delay in providing medical care to a prisoner constitutes deliberate indifference only if it results in substantial harm. Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993). Postponing surgery for an extended period, even until the prisoner's release from prison, does not provide a cause of action for deliberate indifference to serious medical needs if the delay would not cause further damage. White v. Colorado, 82 F.3d 364, 366 (10th Cir. 1996).

Here, the district court found that plaintiff had failed to controvert an affidavit submitted by Steven Sullivan, D.D.S., head of the oral and maxillofacial

surgery department at Oklahoma Memorial Hospital, who supervised plaintiff's surgery that was performed after plaintiff was transferred to the Department of Corrections. Dr. Sullivan stated that plaintiff's condition was not adversely affected by the delay in performing the surgery, and that a delay of several months would not have had any impact whatsoever on plaintiff's condition. An affidavit submitted by Donal R. Woodward, D.D.S., the dental surgeon who treated plaintiff while he was at the jail, also stated that any delay in performing the surgery, even a delay of several months, would not have had an impact on plaintiff's condition. Plaintiff points to no evidence to establish that his condition worsened because of a delay in surgery, or that he suffered unnecessary pain. Accordingly, plaintiff's failure "to establish the existence of an element essential to [his] case, . . . on which [he] will bear the burden of proof at trial," directs a finding that there exists "'no genuine issue as to any material fact.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)(quoting Fed. R. Civ. P. 56(c)). Moreover, plaintiff did not provide a complete record for our de novo review. If there exists any evidence to support his claims, we are unable to review it, and therefore must affirm the district court. See Deines v. Vermeer Mfg. Co., 969 F.2d 977, 979-80 (10th Cir. 1992).

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court

John W. Lungstrum
District Judge