**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 3 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

AARON LEE COLEMAN,

      Plaintiff - Appellant,

v.

KATHY A. MORALL, M.D.,

      Defendant - Appellee.

No. 98-1332

(D. Colorado)

(D.C. Nos. 98-D-851
and 98-D-1028)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Aaron Lee Coleman, a Colorado state inmate, brought this 42 U.S.C.

§ 1983 pro se civil rights suit against the jail doctor who treated him while he was

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

a pretrial detainee in the Denver County Jail. Coleman now appeals the district court's dismissal of that action as legally frivolous under 28 U.S.C. § 1915(e)(2)(B). He contends that the court erred in concluding that Dr. Morall had not violated his constitutional rights when, without obtaining a proper evaluation and medical history or considering alternatives, she 1) prescribed high doses of an antipsychotic medication for him, and 2) further ordered that the medication be given by force when he refused to take it. For the reasons stated below, we reverse and remand.

### BACKGROUND

According to Coleman's complaint, he was a pretrial detainee in the Denver County Jail for approximately eighteen months during 1992 and 1993. Apparently, in response to his "uncooperative" and "abnormal" behavior, Dr. Morall, who was the physician in charge of the jail's infirmary, prescribed large doses of the antipsychotic drug Haldol. When he complained about twitching, which is a side effect of Haldol, he was placed on a Parkinson's medication, Cogentin. Coleman continued to complain about the twitching, and he also complained that the drugs made him feel overly sedated and sleepy. However, when he refused to take the drugs, jail guards would hold him down so that a nurse could administer the drugs by needle injection. Coleman complains that as

a result of the forced medication, he now suffers several known side effects, including involuntary, uncontrollable movements of nerves and muscles throughout his body, diagnosed as tardive dyskinesia. Finally, he states that he only "recently regained a coherent state of mind." Complaint, R. Vol. 1, Doc. 3 at 5.

## DISCUSSION

A. <u>Scope of Review</u>. The first issue which we must consider is the scope of our review. Coleman initially filed his complaint in the district court on April 16, 1998. On the same day, the court directed the clerk to commence the civil action, designated as Civil Action No. 98-D-851, and it also ordered Coleman to cure certain deficiencies in his filing. R. Vol. I, Order dated April 16, 1998. On April 28, Coleman submitted the requested papers, including additional originals and copies of the same complaint. However, he apparently neglected to designate the civil number issued to the first complaint. Thus, the clerk commenced a new civil action for the matter, which it designated as Civil Action No. 98-D-1028. When the court eventually discovered the duplication, it dismissed the first action, No. 851, without prejudice. R. Vol. I, Order of Dismissal. The following week, the court dismissed the second action, No. 1028, as legally frivolous pursuant to § 1915(e)(2)(B). Supp. R. Vol. I, Doc. 5. Within

ten days of the date that order was filed, Coleman filed a request for a rehearing of the dismissal of No. 1028, which the district court construed as a motion pursuant to Fed. R. Civ. P. 59. Id., Docs. 6, 7. The court denied the motion on August 18, 1998. On August 27, 1998, Coleman filed a Notice of Appeal which referenced the dismissal of his first complaint in No. 851. R. Vol. I, Doc. 5. On September 8, 1998, Coleman filed a docketing statement which specified that he was appealing from the second case, No. 1028, and which included his motion for a rehearing and the court's order denying that motion as attachments. Additionally, he attached a handwritten note to the clerk asking the clerk to take notice that the case was originally filed as No. 98-D-851, but ended up as case number 98-D-1028.

Because Coleman is proceeding pro se, we construe his pleadings liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). From the docketing statement, which was filed within the time for taking an appeal pursuant to Fed. R. App. P. 4, it is clear that Coleman intended to appeal the substantive dismissal in case No. 1028, and, in fact, the docketing statement contained all the information required by Fed. R. App. P. 3, so as to serve as a proper notice of an appeal of that second action. See Smith v. Barry, 502 U.S. 244, 248-49 (1992). Accordingly, we accept Coleman's docketing statement as the functional equivalent of a notice of appeal

for case No. 1028.  See id.; see also Grimsley v. MacKay, 93 F.3d 676, 678 (10th Cir. 1996) (noting that "documents other than the notice of appeal filed within the appropriate period, such as a docketing statement, may cure defects in the notice of appeal").  Finally, Coleman's appeal from the denial of his motion for a rehearing which was construed as a Rule 59(e) motion permits consideration of the merits of the underlying judgment.  See Hawkins v. Evans, 64 F.3d 543, 546 (10th Cir. 1995).

B.  Claimed Violation of Constitutional Rights.  As his only claim, Coleman contends that his constitutional rights were violated by Dr. Morall's actions which forced him to take antipsychotic drugs despite his objections.  In Bee v. Greaves, 744 F.2d 1387 (10th Cir. 1984), we considered a similar claim that a pretrial detainee's rights were violated by the forced administration of antipsychotic drugs.  Reasoning that a pretrial detainee has a fundamental right to body integrity and a right to communicate ideas freely, Bee applied a strict scrutiny test, and concluded that the district court had erred when it granted summary judgment to the defendants without first balancing the First and Fourteenth Amendment rights of the detainee against the asserted interest in jail safety and security.

Since our decision in Bee, the Supreme Court has also addressed the issue. In Riggins v. Nevada, 504 U.S. 127 (1992), the Supreme Court considered a pretrial detainee's claim that, by forcing him to be medicated during his trial, the state not only denied him the ability to assist in his defense, but also denied him a fair and full trial. While the Court declined to prescribe substantive standards to define when a pretrial detainee may be forcibly medicated, and also declined to specifically adopt a "strict scrutiny" standard, see id. at 135-36, the Court held that, at the very least, the Due Process Clause requires that the decision to forcibly medicate a pretrial detainee must be based on the finding of an overriding justification for, and the medical appropriateness of, the treatment. Id. at 133-35 (citing Washington v. Harper, 494 U.S. 210 (1990) and Bell v. Wolfish, 441 U.S. 520 (1979)); see also Jurasek v. Utah State Hospital, 158 F.3d 506, 512 (applying the Riggins standard to a state hospital's decision to forcefully medicate an involuntarily committed mental patient). Additionally, the Court noted several sufficient showings that might have been made, but which were not. Riggins, 504 U.S. at 135. Thus, finding that the "record contains no finding that might support a conclusion that administration of antipsychotic medication was necessary to accomplish an essential state policy," the Supreme Court reversed and remanded the case. Id. at 138.

We review for abuse of discretion the district court's dismissal of a complaint as frivolous under § 1915(e). See McWilliams v. Colorado, 121 F.3d 573, 574-75 (10th Cir. 1997). A complaint is frivolous if it lacks an arguable basis either in fact or law. See Green v. Seymour, 59 F.3d 1073, 1077 (10th Cir. 1995). In applying these standards, we liberally construe Coleman's complaint since he is proceeding pro se. See Haines, 404 U.S. at 520-21. However, the court will not act as advocate for the pro se litigant. See Hall, 935 F.2d at 1110.

In this case, the district court did not conduct the analysis set out in Bee or Riggins. Rather, it analyzed the Coleman's claim under the rubric of deliberate indifference to serious medical needs as set forth in Estelle v. Gamble, 429 U.S. 97 (1976), and applied to pretrial detainees in Howard v. Dickerson, 34 F.3d 978, 980 (10th Cir. 1994). Reasoning that, at most, Coleman had alleged only a difference of opinion regarding the medical care he received, the district court found no sustainable claim of deliberate indifference, and therefore dismissed the action as legally frivolous. While such an analysis may properly cover the great majority of cases concerning medical treatment which allege either a failure to treat, or a dispute about the choice of alternative treatments, it is not proper in this case. In cases involving forced treatment with antipsychotic drugs, Riggins clearly requires a balancing test which cannot be made solely on the basis of Coleman's complaint. Accordingly, the district court's application of the wrong

standard and consequent dismissal of Coleman's complaint constituted an abuse of discretion.

REVERSED AND REMANDED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge