**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 28 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ANTHONY LEWIS,

     Plaintiff-Appellant,

v.

RICHARD FAIRBANKS,

     Defendant-Appellee.

No. 01-3212
(District of Kansas)
(D.C. No. 00-2158-CM)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Anthony Lewis filed a 42 U.S.C. § 1983 civil rights complaint against Richard Fairbanks, a police officer with the Lansing Police Department, alleging,

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

*inter alia*, that Officer Fairbanks arrested him without probable cause and illegally searched his vehicle.[1]  The district court granted summary judgment in favor of Officer Fairbanks, concluding as follows: (1) Lewis' false arrest claim was barred by his plea of no contest to the charges of eluding a police officer and speeding; (2) in the alternative, Lewis' arrest was supported by probable cause; and (3) the extremely limited search of Lewis' car was a proper search incident to arrest.

On appeal, this court reviews a grant of summary judgment *de novo*.  *See Jurasek v. Utah State Hosp.*, 158 F.3d 506, 510 (10th Cir. 1998).  "[W]e examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." *Id.* (quotation omitted).  With this standard in mind, we have reviewed the parties' briefs and contentions, the district court's memorandum order, and the entire appellate record.  For those reasons stated in the district court's memorandum order dated June 15, 2001, this court agrees that Lewis' arrest was supported by probable cause and that the search of his car was a proper search incident to arrest.  These conclusions fully resolve this appeal.  Accordingly, we express no opinion on the district court's

---

[1]Although Lewis set forth several additional claims in his § 1983 complaint, he does not reference those claims in his appellate brief.  Accordingly, those claims are waived.  *See State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994) ("[A]ppellant failed to raise this issue in his opening brief and, hence, has waived the point.").

alternative conclusion that Lewis' false arrest claim is barred by his no contest plea. *See Howard v. Dickerson*, 34 F.3d 978, 981 n.2 (10th Cir. 1994) (leaving open question whether no contest plea "represents a defense to a § 1983 action asserting arrest without probable cause").

For those reasons set out above, the United States District Court for the District of Kansas is hereby **AFFIRMED**. All outstanding motions are **DENIED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge