**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 26 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

SHELLIE RENEE PRADO,

      Plaintiff-Appellee,

v.

QUINTON LANE, Warner Police
Officer, in his official and individual
capacity,

      Defendant-Appellant,

   and

CITY OF WARNER, an Oklahoma
municipal corporation; TERRY
THOMPSON, Police Chief, in his
official capacity; BILL HOLLYBEE,
JOSH HALL, TINA THOMAS and
JULIE SKODA, Jailors, in their
official and individual capacities,

      Defendants.

No.  03-7001
(D.C. No. 02-CV-237-S)
(E.D. Okla.)

---

ORDER AND JUDGMENT  *

---

* After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms

(continued...)

Before **EBEL** , **BALDOCK** , and **LUCERO** , Circuit Judges.

This interlocutory appeal arises from a 42 U.S.C § 1983 action in which plaintiff Shellie Prado alleged, inter alia, that City of Warner police officer Quinton Lane was deliberately indifferent to her medical needs during her arrest and incarceration. Officer Lane appeals from an order denying summary judgment, arguing that the district court erred in not granting him qualified immunity. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we **DISMISS** in part and **AFFIRM** in part.

Officer Lane was called to Prado's house when her husband, concerned that she overdosed on medication, requested the assistance of emergency medical services. When Lane attempted to question Prado, she was belligerent and refused medical assistance. Lane arrested her for assault and battery on a police officer, alleging that she elbowed him in the stomach. Concluding that an emergency detention order for hospitalization was not necessary, he instead brought her to the county jail. Prado fell to the ground trying to enter the police car, was in a semiconscious state with slurred speech in the car, and ceased to respond to Lane's questions at the jail. Lane informed jail employees that Prado

*(...continued)
and conditions of 10th Cir. R. 36.3.

had ingested medicine and allegedly asked that they monitor her condition every fifteen minutes. Late the following morning she was hospitalized—comatose, in respiratory distress, and diagnosed with congestive heart failure.

Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation" if the complained of behavior did not violate clearly established law. Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). In denying Lane's request for summary judgement based on qualified immunity on Prado's § 1983 claim, the district court reasoned that "the record is suggestive of Prado having a serious medical condition, existing from the time of her transport to the jail, and that Lane and the jailers were deliberately indifferent to her condition by placing and maintaining her in the holding cell until 11:00 a.m. on September 25, 2000, without resort to any medical attention." Prado v. City of Warner et al., No. CIV-02-237-S, at 15 (E.D. Okla. filed Dec. 18 2002).[1] Thus, the district court concluded that taking the evidence in the light most favorable to Prado, the

_____

[1] For example, the district court stated that: (1) evidence supports Prado's position that she was in an unconscious state when she was left by Lane for admission to the county jail; (2) during her transport to the jail, Prado did not communicate with Lane and sat with her eyes closed; (3) upon Prado's arrival at the jail, she was not responsive to questioning and she had to be carried from the patrol unit to her holding cell; (4) during her entire stay at the jail, Prado did not respond to verbal commands from the jailers; (5) although jailers checked on Prado, there remain factual disputes as to the frequency, thoroughness, and effectiveness of such checks.

facts establish that Lane violated Prado's Fourteenth Amendment right to adequate medical care.

On appeal, Lane argues that Prado presented no evidence of (1) serious medical needs while in Lane's custody, or (2) that he was deliberately indifferent to such needs. He also argues that the deliberate indifference standard used to evaluate jailers holding prisoners should not apply to arresting officers holding pretrial detainees.

"We review de novo a district court's ruling on qualified immunity." Roska ex rel. Roska v. Peterson, 328 F.3d 1230, 1239 (10th Cir. 2003). If plaintiff has alleged a constitutional violation, we determine if the law was clearly established. Saucier v. Katz, 533 U.S. 194, 200 (2001). Our review of the denial of qualified immunity at this interlocutory stage, however, is circumscribed. "[A] defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." Johnson v. Jones, 515 U.S. 304, 319-20 (1995). Therefore, an order is not immediately appealable if it decides no more than "whether the evidence could support a finding that particular conduct occurred," or if it "merely determines the facts asserted by the plaintiff are sufficiently supported by evidence in the record to survive summary judgment." Foote v. Spiegel, 118 F.3d 1416, 1422 (10th Cir.

1997) (citations omitted). Thus we lack jurisdiction "if our review would require second-guessing the district court's determination of evidence sufficiency," Medina v. Cram , 252 F.3d 1124, 1130 (10th Cir. 2001). However, even when the district court concludes "issues of material fact exist," we may nonetheless review the "legal question of whether a defendant's conduct, as alleged by the plaintiff, violates clearly established law." Id.

On appeal, several of Lane's arguments focus on the sufficiency of the evidence, rather than whether under Prado's version of the facts, he violated clearly established law. For example, Lane claims that his understanding of Prado's medical needs was based on her own statements to him and that there is no evidence that he acted with deliberate indifference. Because we lack jurisdiction over Lane's claims of insufficient evidence, we dismiss that portion of the appeal. See, e.g ., Cruz v. City of Laramie , 239 F.3d 1183, 1187 (10th Cir. 2001).

As to whether the district court erred in determining that as alleged by Prado, Lane violated a clearly established right, the right in question is the right of a pretrial detainee to treatment for a serious medical need. In order to be clearly established, "the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Mick v. Brewer , 76 F.3d 1127, 1134 (10th Cir. 1996) (quotations omitted).

Pretrial detainees "are entitled to the same degree of protection regarding medical attention as that afforded convicted inmates under the Eight Amendment." Frohmader v. Wayne, 958 F.2d 1024, 1028 (10th Cir. 1992). "The right to custodial medical care is clearly established." Olsen v. Layton Hills Mall, 312 F.3d 1304, 1315 (10th Cir. 2002) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)).

The district court relied on this court's decision in Garcia v. Salt Lake County, 768 F.2d 303 (10th Cir. 1985), in which we upheld a jury verdict for plaintiff Garcia, a pretrial detainee, based on deliberate indifference to serious medical needs by the defendant county. Id. at 308. Lane's argument that while Garcia may apply to jailers, it does not necessarily establish the same responsibilities for arresting officers, is without merit. For example, in Howard v. Dickerson, 34 F.3d 978, 981 (10th Cir. 1994), we held that "Garcia set a clearly established standard applicable to arresting officers," and that "[t]he constitutional protection against deliberate indifference to a prisoner's serious medical need, as announced in Estelle . . ., applies to pretrial detainees through the due process clause of the Fourteenth Amendment." Id. at 980. We further noted that Garcia clearly established that pretrial detainees enjoy the same protection from deliberate indifference to serious medical needs as do convicted inmates. Id. (citing Martin v. Bd. of County Comm'rs, 909 F.2d 402, 406 (10th

-6-

Cir. 1990)). See also Barrie v. Grand County, 119 F.3d 862, 867–68 (10th Cir. 1997) (collecting and discussing cases). Given that the events in this case occurred in September of 2000, fifteen years following the fundamentally similar Garcia case, the district court correctly determined that the law was clearly established with respect to Prado's claim against Lane for deliberate indifference to her serious medical needs, i.e., that Lane was put "on fair notice that the described conduct was unconstitutional." Pierce v. Gilchrist, 359 F.3d 1279, 1298 (10th Cir. 2004). Therefore, we **AFFIRM** the district court's determination that the law was clearly established at the time of the alleged violation; we **DISMISS** Lane's remaining claims for lack of jurisdiction.

Entered for the Court

Carlos F. Lucero
Circuit Judge