**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 1 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DR. LYNDA E. SHOUGH, ScD.,

     Plaintiff-Appellant,

v.

ROSE VIGIL; PUEBLO POLICE
DEPARTMENT; JAMES BILLINGS,
Pueblo Police Chief; PUEBLO
POLICE OFFICER WARING;
PUEBLO POLICE OFFICER
TOUWICK,

    Defendants-Appellees.

No. 01-1113
(D.C. No. 01-X-5)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **KELLY**, and **BRISCOE**, Circuit Judges.

After examining Dr. Shough's brief and the district court record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

On February 28, 2001, the District Court for the District of Colorado entered an order refusing to file a civil complaint and jury trial demand submitted by Dr. Lynda Shough. The complaint was virtually identical to one filed by Dr. Thomas Monroe on December 8, 2000, in district court case No. 00-K-2462, except that it added an additional defendant and presented additional irrelevant general "questions for review" that are not a proper element of a federal civil complaint. *See* Fed. R. Civ. P. 8(a). The court refused to file the complaint because Dr. Shough had completely failed to comply with an October 18, 2000 order in a separate civil action directing the clerk of the court to refuse to accept filings from Dr. Shough until she had paid in full previously-imposed sanctions and unless she was either represented by an attorney licensed to practice in Colorado or had tendered requisite affidavits and obtained leave to file a pro se complaint. R. Doc. 2.

Without any legal authority for doing so, on March 8, 2001, Dr. Shough filed a joint notice of appeal with Dr. Monroe in his civil action, which had been dismissed on March 2, 2001. *See* R. Doc. 3. The clerk notified Dr. Shough that the cases had not been consolidated and that the filing fee submitted with the notice had been credited to the appeal in Dr. Monroe's case. *See* R. Doc. 5. Dr. Shough then filed a motion to proceed *in forma pauperis* on appeal, which the court denied, certifying that the appeal was not taken in good faith and that

Dr. Shough had not shown a reasoned, nonfrivolous argument. R. Doc. 5; *see* 28 U.S.C. § 1915(a)(3).

Dr. Shough then petitioned this court for leave to proceed on appeal *in forma pauperis* under Fed. R. App. P. 24, filing affidavits, a brief, and a "notice of attorney misconduct." Dr. Shough did not discuss the district court's refusal to file her complaint; she simply repeated Dr. Monroe's appellate arguments and added conclusory allegations to claims against the defendants.

Because the district court has not accepted jurisdiction over Dr. Shough's complaint by filing it, Dr. Shough has no right to an appeal. Further, we will not construe her brief as a petition for mandamus to require the district court to file the complaint because she does not request that relief and because mandamus is not a proper vehicle for relief in this situation. *See Werner v. Utah*, 32 F.3d 1446, 1447 (10th Cir. 1994). If Dr. Shough disagreed with the district court's October 18, 2000 filing restrictions, her avenue for review was an appeal from that order establishing the restrictions. *See id.* at 1448. We take judicial notice that her appeal in that case was dismissed for lack of prosecution on December 28, 2001. *See Turnbull v. Owens*, No. 00-1529 (10th Cir. Dec. 28, 2001).

We also take judicial notice that Dr. Shough has filed three other pro se complaints using *in forma pauperis* status since November 1999, all of which have been dismissed either as frivolous, *see Shough v. Maximus, Inc.*,

No. 99-WM-2275 (D. Colo. Sept. 1, 2000) (granting motion for Rule 11 sanctions for costs "incurred in defending this frivolous lawsuit" because Dr. Shough had no factual or legal basis to assert claims), or for refusing to submit complaints complying with the pleading requirements of Fed. R. Civ. P. 8(a), *see Shough v. Wells Fargo Norwest*, No. 99-CV-2257 (D. Colo. Feb. 18, 2000), and *Shough v. Apfel*, No. 99-CV-2274 (D. Colo. Jan. 14, 2000). In addition, Dr. Shough has filed seven other pro se complaints that were dismissed either because they have no basis in law or fact or for failure to prosecute. *See Jackson v. Girard*, No. 99-CV-1810 (D. Colo. Sept. 23, 1999) (suing eight defendants including the Fourth Judicial District of Colorado); *Shough v. Colo. Supreme Court*, No. 00-CV-164 (D. Colo. Aug. 24, 2000), *cert. denied*, 149 L. Ed. 2d 146 (Mar. 5, 2001); *Shough v. Coyle*, No. 00-CV-237 (D. Colo. Aug. 31, 2000) (suing Colorado Supreme Court justices and state's attorney; dismissed for failure to prosecute); *Hughes v. Maximus, Inc.*, No. 00-CV-1167 (D. Colo. Oct. 18, 2000) (suing twenty-eight defendants, including Governor Owens, the Colorado Department of Human Services, and the Fourth Judicial District of Colorado; complaint dismissed under Rule 12(b)(6) and Rule 11 sanctions imposed); *Marshall v. Price*, No. 00-CV-1166 (D. Colo. Oct. 23, 2000) (suing thirteen city councilors, municipal judges and prosecutors; dismissed under Rule 12(b)(6)), *aff'd*, No. 00-1473, 2001 WL 314398 (10th Cir. Apr. 2, 2001); *Shough v.*

-4-

*Anderson*, No. 99-CV-2477 (D. Colo. Mar. 13, 2001) (suing ten defendants including judge, county sheriff's department and city police departments); *Turnbull v. Owens*, No. 00-CV-1267 (D. Colo. Dec. 28, 2001) (suing thirteen defendants including Governor Owens, the Colorado Supreme Court, the Fourth Judicial District of Colorado and Janet Reno, and dismissed for failure to prosecute). We caution Dr. Shough that if she continues to file frivolous appeals and to abuse the privilege of filing pleadings without fully paying filing fees up front, we may impose additional filing restrictions. *Cf. In re Anderson*, 511 U.S. 364, 365-66 (1994) (noting that "pro se petitions [claiming pauper status] have a greater capacity than most to disrupt the fair allocation of judicial resources because they are not subject to the financial considerations – filing fees and attorney's fees – that deter other litigants from filing frivolous petitions" and directing clerk of court not to accept further petitions unless docketing fees paid first) (quotation omitted).

Because we conclude that this appeal is frivolous, we DENY Dr. Shough's motion to proceed *in forma pauperis* and the appeal is DISMISSED. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Entered for the Court


Mary Beck Briscoe
Circuit Judge

-5-