**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 21 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

THOMAS R. MONROE, Dr., M.
Div., Ph.D.,

        Plaintiff,

    and

GILBERT B. TRUJILLO,

        Plaintiff-Appellant,

v.

WILLIAM OWENS; KENNETH
SALAZAR; JOHN KLOMP; MATT
PEULEN; and LORETTA
KENNEDY, personally and in their
official capacity as Pueblo County
Commissioners; STATE OF
COLORADO; COLORADO
DEPARTMENT OF HUMAN
SERVICES, named as Colorado
DHS; MARVA HAMMONS; JILL
GUNDERSON; PUEBLO COUNTY
DHS; DELL OLIVAS; RUELLA
ANDERSON; MELODY BARNES;
DIANA TRAINOR; CHERYL
DEVINE; and SUSAN DEVAN, in
their official capacity; FIVE
UNNAMED PUEBLO DHS
AGENTS; OFFICE OF THE
PUEBLO COUNTY ATTORNEY;
COLORADO'S TENTH JUDICIAL
DISTRICT; DENNIS MAES; JAMES
FRAZIER; GERALD MARRONEY;
WILLIAM ALEXANDER;

No. 01-1186
(D.C. No. 00-K-1545)
(D. Colo.)

KATHLEEN HEARNS; KARL
TAMELER; and GUS SANDSTROM,
personally and in their official
capacity; PUEBLO CITY POLICE
DEPARTMENT; RUBEN
ARCHULETA, former Chief; JAMES
BILLINGS, Chief; CHARLENE
GRAHAM; KEN RHODES; TOM
CODY; CHRISTINE NEVIN-
WOODS; DEBORAH EYLERS;
REBECCA MOSS,

        Defendants-Appellees.

SANDRA MANCHEGO,
CATHERINE E. TRUJILLO, and
others to join this class action,

        Plaintiffs,

    and

VERONICA FINN, THOMAS R.
MONROE, Dr., M. Div., Ph.D.,

        Plaintiffs-Appellants,

v.

WILLIAM OWENS; KENNETH
SALAZAR; COLORADO DHS;
MARVA LIVINGSTON
HAMMONS; JILL GUNDERSON;
PUEBLO COUNTY, COLORADO;
PUEBLO COUNTY DHS; DELL
OLIVAS, personally and in their
official capacity; OFFICE OF THE
PUEBLO COUNTY ATTORNEY;
PUEBLO COUNTY SHERIFF'S

No. 01-1189
(D.C. No. 00-K-1598)
(D. Colo.)

DEPARTMENT; PUEBLO CITY POLICE DEPARTMENT; COLORADO'S TENTH JUDICIAL DISTRICT; STATE OF COLORADO,

Defendants-Appellees.

CATHERINE E. TRUJILLO, and her minor children, Julianna E. Bernal, Patrick L. Bernal, Esthoiana R. Carbajal, Xaina F. Carbajal, and Ross M. Trujillo,

Plaintiff-Appellant,

and

GILBERT B. TRUJILLO,

Plaintiff,

v.

WILLIAM OWENS; KENNETH SALAZAR; PUEBLO COUNTY; MARVA HAMMONS; COLORADO DHS; DELL OLIVAS; HELEN GONZALES; RUELLA ANDERSON; CHARLES HANLINE; and ROSE VIGIL, personally and in their official capacity; MELINDA ORENDORFF; PATRICK AVALOS; SIMONIC, Pueblo PD Officer; WELLS, Pueblo PD Officer; JAMES BILLINGS; WILLIAM ALEXANDER; DENNIS MAES; GUS SANDSTROM; LILLIAN

No. 01-1207
(D.C. No. 00-K-1456)
(D. Colo)

-3-

KROW-JONES; STATE OF
COLORADO,

     Defendants-Appellees.

---

**ORDER AND JUDGMENT** [*]

---

Before **HENRY** , **ANDERSON** , and **LUCERO** , Circuit Judges.

---

    Appellants Catherine Trujillo, Gilbert Trujillo, Veronica Finn, and Thomas

Monroe, appearing pro se, appeal from the dismissals with prejudice pursuant to

Federal Rule of Civil Procedure 12(b)(6) of their consolidated lawsuits brought

under 42 U.S.C. § 1983. [1] Our jurisdiction arises under 28 U.S.C. § 1291, and we

affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
these appeals. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The Court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

[1]     We recently affirmed the dismissal of another lawsuit brought by
Dr. Monroe involving some of the same plaintiffs and defendants. See Monroe v.
Pueblo Police Dep't , No. 01-1112, 2002 WL 126994 (10th Cir. Feb 01, 2002)
(unpublished).

**I**

We engage in de novo review of the district court's rulings on motions to dismiss under Rule 12(b)(6). _See_ _Ash Creek Mining Co. v. Lujan_, 969 F.2d 868, 870 (10th Cir. 1992). In doing so, we construe the pleadings of pro se litigants liberally in their favor, although we adhere to the principle that unsupported conclusory allegations are insufficient to state a claim. _See_ _Hall v. Bellmon_, 935 F.2d 1106, 1110 (10th Cir. 1991).

Under Rule 12(b)(6), a district court may dismiss with prejudice a complaint that fails to comply with Federal Rule of Civil Procedure 8(a)(2)'s requirement of a "short and plain statement of the claim" if there appears to be no set of facts on which the plaintiff may state a claim for relief. _See_ _Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n_, 891 F.2d 1473, 1480 (10th Cir. 1989). Applying these principles, we have reviewed appellants' complaints. We analyze the propriety of the district court's dismissals of all of the appellants' complaints under Rule 12(b)(6) individually.

**II**

The first case in the consolidated cases on appeal was filed July 20, 2000, by Catherine Trujillo, her five minor children, and her husband Gilbert Trujillo,

as district court case 00-CV-1456.[2] A review of the document attached to the pro se complaint indicates that the complaint was filed after the Pueblo County Department of Social Services ("Department") began investigations of child abuse and neglect, investigations prompted by reports that two of Mrs. Trujillo's children had been found abandoned and mistreated or abused. According to the document, a state court held a hearing and then granted the Department protective supervision of the two children. Caseworkers proceeded to conduct a home visit, accompanied by two Pueblo police officers. The Department took custody of two of the children, temporarily placing them with their grandmother. The Trujillos sued twenty defendants, including the judges who had issued rulings in the state court proceedings, the guardian ad litem, Pueblo County, the Colorado Department of Human Services, and the State of Colorado, under 42 U.S.C. § 1983.

The complaint alleged that unspecified defendants had entered the plaintiffs' home at an unspecified time by force without a writ and had kidnaped the children. (R. Doc. 1 at 2–3.) It further asserted a violation of the children's

---

[2] The Trujillos apparently received assistance in preparing their complaint from Dr. Lynda Shough, a litigant recently reprimanded for filing frivolous suits and appeals involving some of the same defendants and upon whom filing restrictions have now been imposed in the federal district courts of Colorado. See Shough v. Vigil, No. 01-1113, 2002 WL 126996 (10th Cir. Feb. 01, 2002) (unpublished).

right to "Life, Liberty and the Pursuit of Happiness by interfering [with] their inalienable right to be raised by their parents," and that the parents' right of association was also violated by "all defendants." (  Id. at 3.)  The complaint alleged that unspecified defendants violated medical instructions regarding one of the children, "recklessly endangering his life;" interfered with the parents' right to make medical decisions for their children; and "recklessly endangered the children[s'] lives by holding them in a cold room without supervision, food, water, [or] proper clothing." (  Id. at 3–4.)  Plaintiffs claimed that unspecified defendants violated "all standards of basic human decency and the sanctity of Plaintiff[s'] home," and that they were "falsely arrested and harassed for standing on their Constitutional Rights." (  Id. at 4.)

The complaint alleged supervisory liability against seventeen of the named defendants and requested five million dollars in punitive damages from each defendant as well as an injunction preventing defendants from "following, contacting, writing, calling, collecting or disseminating information about them." (Id. at 5.)  The complaint requested a declaratory judgment that the Colorado Governmental Immunity Act "and other Colorado statutes" are unconstitutional. (Id. at 6.)  It also requested issuance of a writ of habeas corpus ordering unnamed defendants to deliver the children to the Trujillos.

The various defendants filed motions to dismiss, alleging lack of subject matter jurisdiction, application of the Rooker-Feldman doctrine, failure to state a claim, Eleventh Amendment immunity, immunity under the Colorado Governmental Immunity Act, absolute and/or qualified immunity, and failure to state sufficient facts to establish personal participation on the part of individual defendants or to establish that individual defendants were acting under color of state law. The magistrate judge issued an order requiring the plaintiffs in the consolidated cases to enter a notice of appearance on behalf of the children by counsel admitted to practice in Colorado and to respond to the motions to dismiss. (R. Doc. 98 at 1–2.) The magistrate cautioned plaintiffs that failure to comply could result in a finding that the motions were confessed and a recommendation that they be granted. ( Id. )

The Trujillos objected to the order and requested court-appointed counsel for Mr. Trujillo and the children. (R. Doc. 107 at 2.) Mrs. Trujillo responded to several of the motions to dismiss. In response to the state defendants' motion to dismiss based on Rules 12(b)(1) and 12(b)(6), she argued, inter alia , that the defendants violated the Trujillos' rights "by acts too numerous to list within the confines of a civil complaint" and that she was unable to "fully detail the facts of this case" until a discovery/settlement hearing was held. (R. Doc. 20 at 3.)

After review of the motions and responses, the district court concluded that the Trujillos' complaint failed to comport with Federal Rule of Civil Procedure 8(a) and that the Trujillos had failed to comply with the magistrate judge's order to respond in a meaningful way. The court also stated that it could not "divine from Plaintiffs' repeated and conclusory assertions of 'crimes' and 'violations' and 'contempt' whether any named plaintiff has articulated a cognizable claim against any named defendant," and that plaintiffs were abusing the judicial process. (R. Doc. 125 at 2–3 (emphasis in original)). In its order disposing of all of the consolidated cases, the court summarily granted the various defendants' motions to dismiss, and Mrs. Trujillo filed a notice of appeal.

On appeal, Mrs. Trujillo raises several issues not relevant to her appeal. She also raises new specific allegations against defendants, which we may not consider. See Harris v. Champion, 51 F.3d 901, 908 (10th Cir. 1995). We address her general claim that the court erred in dismissing her suit.

When ruling on a Rule 12(b)(6) motion, a court must examine only the complaint to determine if it is sufficient to state a claim. See Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991). In doing so, the court should keep in mind that "factual pleading is required only insofar as it is necessary to place a defendant on notice as to the type of claim alleged and the grounds upon which it rests,

thereby enabling a defendant to prepare a responsive pleading." Mountain View Pharmacy v. Abbott Labs., 630 F.2d 1383, 1388 (10th Cir. 1980).

> The pleading standard set by Rule 8(a)(2) does not change from case to case. . . . However, while the pleading standard does not vary, what constitutes sufficient notice to enable a defendant to formulate a responsive pleading does change from case to case. To provide adequate notice, a complaint in a complex, multi-party suit may require more information than a simple, single party case.

Id. at 1386–87. Although the Trujillos' recitation of constitutional violations may well be "short," it is not at all "plain" because it provides no notice to the individual defendants of the factual grounds upon which each of the numerous claims rests. It is impossible to tell from the face of the complaint which defendants were accused of which violations, what specific acts constituted violations, or when alleged violations occurred. The court gave Mrs. Trujillo ample time to amend the complaint to specifically set out her claims, but she never moved to do so. [3] We hold that the district court did not err in dismissing the complaint for failure to state a claim.

---

[3] Defendant Krow-Jones' motion to dismiss was based on the contention that the Trujillos had failed to make sufficiently factual allegations of conduct violating constitutional rights to support a claim under § 1983. (R. Doc. 12 at 2.) Instead of moving to amend the complaint, in her response Mrs. Trujillo alleged that Mrs. Krow-Jones had harassed the Trujillos, interfered with their livelihood, and prevented proper counseling and treatment requested by the Trujillos. (R. Doc. 19.) These conclusory allegations, however, do not state constitutional violations and therefore fail to state a claim under § 1983. See Howard v. Dickerson, 34 F.3d 978, 980 (10th Cir. 1994).

## III

Gilbert Trujillo and Dr. Thomas Monroe filed the next case in the consolidated group on August 4, 2000, as district court case 00-CV-1545. They sued forty-two defendants under 42 U.S.C. § 1983, including many of the same defendants the Trujillos had sued in case 00-CV-1456. The complaint alleged violations of their First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendment rights and similarly challenged the constitutionality of the Colorado Governmental Immunities Act. Mr. Trujillo and Dr. Monroe alleged that thirty of the defendants conspired to falsely accuse them of sexual assault and refused to investigate allegations of sexual assaults on unnamed children by "other authorities in positions of trust." (R. 00-K-1545, Doc. 1 at 4.) They further alleged that "[d]efendant Pueblo County DHS placed Plaintiff Trujillo on the Colorado DHS's Central Registry for Child Abuse" and "attempted to place Plaintiff Monroe onto the Central Registry for Child Abuse." (      Id.) The complaint alleged that twenty-five of the defendants violated unnamed children's rights in an unstated manner, in violation of 42 U.S.C. § 1985, and that all defendants used perjured testimony and false reports to violate rights in some unstated fashion.

Mr. Trujillo and Dr. Monroe demanded punitive damages of $10 million from each defendant plus the same injunctive and declaratory relief as the

-11-

Trujillos had requested in district court case 00-CV-1456. In addition, they demanded a public apology, expungement of Mr. Trujillo's name from the Central Registry for Child Abuse, disbanding of the Central Registry for Child Abuse, the quashing of a state-court-issued restraining order involving a non-party minor child, the quashing of an unspecified state Licensing Board's order requiring Dr. Monroe to take a psychological examination, and issuance of an order mandating that the Colorado Attorney General's office cease its investigation of Dr. Monroe.

In its consolidated order, the district court summarily granted the defendants' various motions to dismiss the complaint for failure to state a claim, and only Mr. Trujillo appealed. We affirm.

A complaint brought pursuant to § 1983 must state facts showing that a specific defendant acting under color of state law violated the constitutional rights, privileges, or immunities of a particular person. See Howard v. Dickerson, 34 F.3d 978, 980 (10th Cir. 1994). Mr. Trujillo did not allege sufficient facts to establish his standing to assert alleged violations of the rights of unnamed disabled children or to state a cause of action involving specific children and specific defendants in his first and fourth claims. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 & n. 1 (1992) (holding that, to have standing, plaintiff must have suffered a "particularized" injury, meaning "the injury must affect the plaintiff in a personal and individual way").

-12-

As to his second and third claims, conspiracy to falsely accuse someone of sexual assault or the placement of an individual's name on the Colorado Central Registry for Child Protection do not constitute constitutional violations per se. See Watso v. Colo. Dep't of Soc. Servs., 841 P.2d 299, 305–09 (Colo. 1992) (holding that the procedures of the Child Protection Act adequately protect the liberty interests of people placed on the Central Registry); Stidham v. Peace Officer Standards & Training, 265 F.3d 1144, 1154–55 (10th Cir. 2001) (noting that damage flowing from an injury to reputation is not recoverable in a federal action and that the Constitution does not insulate a person from allegations of criminal activity, whether they be true or false). Mr. Trujillo failed to state a cognizable federal claim and the court properly dismissed his suit.

## IV

The third consolidated case, district court case 00-K-1598, was filed on August 10, 2000, by Dr. Monroe, Mrs. Trujillo, Veronica Finn, and another plaintiff, and named thirteen defendants, most of whom had been named in the other two complaints. The complaint alleged that all defendants "attempted to violate" all plaintiffs' rights to privacy and to "immunity from self-incrimination" by ordering psychological evaluations in violation of 18 U.S.C. §§ 241–242. (R. 00-K-1598, Doc. 1 at 2–3.) Without explaining when, how, or by whom, the complaint also alleged that plaintiffs were being "punished for and retaliated

against for exercising their Constitutional rights." ( Id. at 4.)  The complaint

named twelve defendants as having "supervisory liability" because they "have

been informed in writing of the judicial misconduct" and unnamed constitutional

violations. ( Id. at 5.)  Defendants filed motions to dismiss and/or motions for a

more definite statement, but neither Ms. Finn nor Dr. Monroe responded to these

motions.  The district court summarily dismissed the complaint in its consolidated

order for failure to state a claim, and only Ms. Finn and Dr. Monroe filed an

appeal.  In the appellate brief, appellants raise new legal issues, allege new facts,

and even name new defendants.  We can not consider these issues or allegations

because they were not raised in the district court.    See Smith v. Sec'y of N.M.

Dep't of Corr. , 50 F.3d 801, 814 n. 22 (10th Cir. 1995) (noting that in the absence

of extraordinary circumstances this court will not consider issues raised for the

first time on appeal).

The statements in the complaint are not factually sufficient to put

particular defendants on notice of what actions resulted in specific constitutional

violations.  Although appellants claim they were denied the opportunity to correct

or amend their complaint, our review of the record reveals that they were put on

notice that defendants challenged the sufficiency of the complaint and appellants

had ample opportunity to amend it, yet no motion to amend was ever filed. The court did not err in dismissing the complaint for failure to state a claim. [4]

Further, there is no inherent constitutional right to be free from undergoing a psychological evaluation, and the complaint failed to allege facts to show due process violations of any privacy right. Thus, even if the complaint had been sufficiently specific to put the individual defendants on notice of specific claims, no facts giving rise to a constitutional violation have been alleged. See Hall, 935 F.2d at 1110 (noting that unsupported conclusory allegations are insufficient to state a claim).

We conclude that the district court properly dismissed the consolidated cases. We deny Mrs. Trujillo's and Mr. Trujillo's separate motions for extensions of time in which to file reply briefs, to submit additional affidavits, and to add "additional victims" to their appeal. The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

---

[4] We decline appellants' request to hear their case on the merits, as we have no jurisdiction to act as a district court.