**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 2 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CASE MANAGEMENT SERVICES;
C.M.B. (CRYSTAL), through
Case Management Services and
Thomas R. Monroe,

      Plaintiffs,

  and

GWYNETH MONROE;
THOMAS R. MONROE,

      Plaintiffs - Appellants,

  v.

STATE OF COLORADO;
COLORADO'S TENTH JUDICIAL
DISTRICT; COLORADO DHS;
COLORADO CENTRAL REGISTRY
OF CHILD PROTECTION;
COLORADO BOARD OF
LICENSED PROFESSIONAL
COUNSELOR EXAMINERS;
AMOS D. MARTINEZ, personally
and as Administrator in his official
capacity; KENNETH SALAZAR,
personally and in official capacity;
DEPARTMENT OF REGULATORY
AGENCIES; MARTHA L.
MAXWELL, personally and in
official capacity; THOMAS CODY,
personally and in official capacity;
PATRICK AVALOS,

No. 01-1303
(D.C. No. 00-K-2533)
(D. Colorado)

personally and in official capacity;
REBECCA MOSS, personally and in
official capacity; CITY OF PUEBLO
POLICE DEPARTMENT,

Defendants - Appellees.

## ORDER AND JUDGMENT [*]

Before **HENRY** , **ANDERSON** , and **HARTZ** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

This is the latest in a series of frivolous appeals filed by appellants. For
the reasons stated below, we conclude that this appeal is jurisdictionally defective
on multiple grounds, and that it is frivolous to the point of meriting sanctions.

### I. Jurisdictional defects

After the district court dismissed their complaint on April 25, 2001 for
failure to comply with its Order Requiring Pre-filing Review, Gwyneth and

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Thomas R. Monroe, pro se, filed objections more than ten days later. The district court properly treated the objections as a Federal Rule of Civil Procedure 60(b) motion for relief from judgment, *see Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995) (noting that if a motion requesting reconsideration of a final order "is filed more than ten days after the entry of the judgment, it is considered a motion seeking relief from the judgment under Fed. R. Civ. P. 60(b)") (quotation omitted), and denied it on June 4, 2001. On June 25, 2001, the Monroes filed a notice of appeal purporting to appeal from the April 25 Order. Because the Rule 60(b) motion did not extend the time to file an appeal from the April 25 Order, however, we have no jurisdiction to review the April 25 Order. *See* Fed. R. App. P. 4(a)(1) (requiring notice of appeal to be filed within thirty days after entry of final order); Fed. R. App. P. 4(a)(4)(A)(vi) (providing that Rule 60(b) motion will toll time to file notice of appeal only if Rule 60(b) motion is filed within ten days of final order); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (holding that an appeal from the denial of a Rule 60(b) motion not filed within ten days of the final order "raises for review only the district court's order of denial and not the underlying judgment itself").

But there is another jurisdictional flaw. "Our appellate review is limited to final judgments or parts thereof that are designated in the notice of appeal." *Cunico v. Pueblo Sch. Dist. No. 60*, 917 F.2d 431, 444 (10th Cir. 1990);

-3-

Fed. R. App. P. 3(c)(1)(B) (notice of appeal must designate the order being appealed). The notice of appeal designates only a portion of the April 25, 2001 final order; it does not mention the order denying the Rule 60(b) motion. A review of the docketing statements also reveals that the Monroes did not intend to appeal from denial of the Rule 60(b) motion. Thus, we have no jurisdiction to entertain the appeal. *See Averitt v. Southland Motor Inn of Okla.*, 720 F.2d 1178, 1180-81 (10th Cir. 1983).

Further, instead of submitting a brief discussing how the district court may have erred in denying their Rule 60(b) motion, the Monroes submitted only "a pleading which sets forth a claim for relief." Aplt. Br. at 1. We do not, however, "try the facts or substitute for the trial court in the determination of factual issues." *Davis v. Cities Serv. Oil Co.*, 420 F.2d 1278, 1279 (10th Cir. 1970). Even reading the "pleading" or brief liberally, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), the Monroes have stated nothing that indicates the district court abused its discretion in denying their Rule 60(b) motion. *See White v. Am. Airlines, Inc.*, 915 F.2d 1414, 1425 (10th Cir. 1990) (denial of Rule 60(b) motion is reviewed for abuse of discretion). In the absence of any discussion of issues, we will not construct arguments even for pro se appellants. *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991). Perfunctory complaints that fail to frame and develop an issue are insufficient

to invoke appellate review. *Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994).

## II. Frivolous appeal

But even if there were no jurisdictional defects and we were free to address any claim of error, we note that the Monroes were required to comply with a pre-filing review order because their complaint was obviously prepared with the assistance of non-attorney Lynda E. Shough. R., Doc. 7 at 2-3. We summarized Dr. Shough's long history of filing abusive and frivolous pro se complaints, both individually and with Dr. Monroe, in *Shough v. Vigil*, No. 01-1113, 2002 WL 126996 (10th Cir. Feb. 1, 2002) (unpublished). We summarized Dr. Monroe's history of filing abusive and frivolous complaints and appeals in *Monroe v. Pueblo Police Dep't*, No. 01-1112, 2002 WL 126994 (10th Cir. Feb. 1, 2002) (unpublished), and *Monroe v. Owens*, Nos. 01-1186, 01-1189 & 01-1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002) (unpublished), and addressed in those cases some of the same substantive claims of alleged constitutional violation raised in the complaint of the case currently at bar. We would therefore conclude that the court did not err in dismissing the case for failure to comply with its order requiring a pre-filing review or abuse its discretion in denying the Rule 60(b) motion, and that the appeal is frivolous.

### III. Sanctions

In our order and judgment filed February 1, 2002, we warned Dr. Monroe that if he continued to file frivolous appeals, he would be subject to monetary sanctions and filing restrictions. *Monroe*, 2002 WL 126994, at **3. At that time, the Monroes' appellate filing fee check for this appeal (No. 01-1303) had been returned unpaid to the district court, and the defendants had not been required to respond to the appeal. On February 11, 2002, the clerk of our court notified the Monroes that this appeal would be dismissed because they had not paid the docketing fee. The Monroes paid the fee on March 5, 2002, and some of the defendants were required to respond to the frivolous appeal. Those defendants requested sanctions under Federal Rule of Appellate Procedure 38, but they did not present that request in a separately-filed motion, as required by the Rule. The Monroes have not responded to the request for sanctions even though they had an opportunity to do so. *See Braley v. Campbell*, 832 F.2d 1504, 1514 (10th Cir. 1987).

In addition to our authority to impose sanctions under Rule 38, we also have inherent power to impose sanctions to regulate our docket, promote judicial efficiency, and deter frivolous filings. *See Van Sickle v. Holloway*, 791 F.2d 1431, 1437 (10th Cir. 1986); *Braley*, 832 F.2d at 1510. Dr. Monroe persisted in pursuing his meritless appeal in this court after we had explained the necessity of

-6-

"pointing to specific legal errors or making objections to points on which the district court based its dismissal of the complaint" in his appellate briefs. *Monroe,* 2002 WL 126994, at **2. He continued to pursue it after we rejected his claims of unconstitutional retaliation in our order filed March 21, 2002. *See Monroe*, 2002 WL 437964, at **4. He filed motions for emergency injunctive relief "for protection of minor children" and for evidentiary hearings on that issue in this court even after the district court had explained that a minor cannot be represented by non-attorneys and had dismissed any claims relating to the unrepresented minor plaintiff. *See* R., Doc. 7 at 2 & n.2. The Monroes filed an "affidavit" in the appeal at bar stating they will "initiate other U.S. District Court lawsuits" and that they "remain neither intimidated nor impressed by the current practices of 'judiciary sponsored domestic terrorism.'" Aplt. Br., Attach. 1 at 2.

We order the Monroes to pay sanctions in the amount of $500.00 for pursuing this frivolous appeal and for filing frivolous motions, to be paid to the Clerk of the Tenth Circuit Court of Appeals. The Monroes may not continue to further litigate in this court without paying these sanctions. In addition, even after payment of the sanctions, if further frivolous appeals or motions are filed, the Monroes will be subject to severe filing restrictions. The Monroes will have twenty days from the filing date of this order and judgment to file written objections, limited to ten pages, to these sanctions. Unless this court orders

otherwise upon review of any objections, the sanctions are due and payable thirty days from the filing date of this order.

Insofar as Dr. Monroe's "Motion for Emergency Injunctive Relief for Protection of Minor Children" and his related "Motion for Discovery and Evidentiary Hearing" are connected to the appeal, they are DISMISSED as moot. Insofar as they may be construed as motions brought pursuant to our authority to conduct original proceedings, they state no basis for our jurisdiction over the parties, and are DISMISSED for lack of jurisdiction.

The appeal is DISMISSED.

Entered for the Court


Stephen H. Anderson
Circuit Judge