FILED
United States Court of Appeals
Tenth Circuit

June 23, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

INARA CEDRINS,

      Plaintiff - Appellant,

v.

CENTRAL NEW MEXICO
COMMUNITY COLLEGE (CNM);
CHIEF SECURITY, INC.; CITY OF
ALBUQUERQUE POLICE
DEPARTMENT,

      Defendants - Appellees.

No. 10-2064
(D.C. No. 10-CV-00235)
(D.N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **EBEL**, and **LUCERO**, Circuit Judges.[**]

Plaintiff-Appellant Inara Cedrins, appearing pro se, seeks to appeal from

the refusal of the district court clerk to file her complaint for non-compliance

with filing restrictions. In this case, she attempted to file a civil rights complaint

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

naming as Defendants a community college, its security service, and a municipal police department. 1 R. 2. She sought to raise claims arising out of her arrest and detention when a community college instructor directed that she be removed. 1 R. 2-6. Because we lack jurisdiction, we dismiss this appeal.

Background

In 2009, the district court placed filing restrictions on Ms. Cedrins, requiring her to obtain written permission of the Chief United States Magistrate Judge for the District of New Mexico to file any proposed complaint. See Order Adopting the Magistrate's Report and Recommendations, Dismissing Action with Prejudice, and Prohibiting Further Filings without Permission, Cedrins v. Shrestha, 1:09-cv-00687-JAP-RHS, (D.N.M. Oct. 27, 2009) (Doc. 15). Ms. Cedrins did not appeal from this order. Docket, Cedrins v. Shrestha, 1:09-cv-00687-JAP-RHS (D.N.M. accessed June 11, 2010).

On March 15, 2010, she attempted to file the instant complaint electronically and pro se. 1 R. 13. The clerk of the district court removed the complaint from the docket and marked it as "filed in error." 1 R. 1, 13. In a letter to this court transmitting the record of these entries, the clerk explained that he removed the complaint because of the filing restrictions the court previously imposed on Ms. Cedrins. 1 R. 13. He stated that she has not sought or received filing permission from the Chief Magistrate Judge. 1 R. 13.

Ms. Cedrins electronically filed a notice of appeal in this case. 1 R. 8, 13. She does not address the refusal of the court to file her complaint in her appellate brief. Aplt. Br. at 1-5. On May 12, 2010, we ordered Ms. Cedrins to show cause why this appeal should not be dismissed for a lack of jurisdiction. Ms. Cedrins responded by saying that she "did give a full description of the circumstances in filing the appeal" and attached a copy of her complaint. We note that prior to the imposition of filing restrictions, Ms. Cedrins filed a separate complaint against the community college, which was dismissed for lack of federal jurisdiction. Cedrins v. Cent. N.M. Cmty. College, No. 1:09-cv00557-JAP-RHS (D.N.M. Aug. 26, 2009).

Discussion

Because the district court has not accepted jurisdiction over this complaint by filing it, Ms. Cedrins has no right to an appeal. Shough v. Vigil, 30 F. App'x 781, 783 (10th Cir. 2002). And, in these situations, "we will not construe her brief as a petition for mandamus to require the district court to file the complaint because she does not request that relief and because mandamus is not a proper vehicle for relief in this situation." Id. (citing Werner v. Utah, 32 F.3d 1446, 1447 (10th Cir. 1994)). Even were we to have jurisdiction, Ms. Cedrins would need to show why the filing restrictions did not bar her complaint. That, her brief does not do. Aplt. Br. at 1-4.

We recognize that the filing restrictions were imposed based upon different claims against a different defendant. Yet, the filing restrictions run on "any further complaints." If Ms. Cedrins wishes to pursue these claims, she should follow the district court's order instructing her to seek leave of the court before filing. Because there was no action taken on this complaint, she presumably remains free to seek permission to file it.

We DISMISS the appeal and DENY IFP status.

Entered for the Court

Paul J. Kelly, Jr.

Circuit Judge